UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE M. IVEY<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC and SHAPIRO KREISMAN & ASSOCIATES, LLC f/k/a FISHER AND SHAPIRO, LLC<br><br>Defendants. | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, NICOLE M. IVEY ("Nicole" or "Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of Defendants, NATIONSTAR MORTGAGE, LLC ("Nationstar") and SHAPIRO KREISMAN & ASSOCIATES ("Shapiro") (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Nicole brings this action as a consumer to secure redress from unlawful credit and collection practices engaged in by the Defendants. Nicole alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA) and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337,

1

as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Northern District of Illinois and Defendants illegal collection practices impacted Nicole within the Northern District of Illinois.

**PARTIES**

4. Nicole is natural person residing at 4640 Twin Lakes Boulevard, Fort Lauderdale, Florida.

5. Nicole is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Nationstar Mortgage, LLC was and is a limited liability company with its principal place of business at 8950 Cypress Waters Boulevard, Coppell, Texas.

7. Nationstar represents itself as being a debt collector on the company's web-site.

8. At all times relevant to this action, Shapiro Kreisman & Associates, LLC was and is a full service Illinois law firm concentrating on the practice of representing mortgage lenders and other financial institutions. Shapiro's principal office is located at 212 Waukegan Road, Bannockburn, Illinois.

9. Shapiro represents itself as being a debt collector on the firm's web-site.

10. Both Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), because they regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

11. At all times relevant to this complaint, the Defendants were collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

12. On or about December 10, 2010, Nicole obtained a consumer loan from Bank of America, N.A. to facilitate the purchase of her primary residence at 398 Valley View Road, C404, Lake Barrington, Illinois ("subject property").

13. The number used by Bank of America, N.A to identify the loan was 871216157 ("subject debt").

14. Sometime after borrowing on the subject debt, Nicole was no longer able to make payments due to a change in her circumstances.

15. As a result of the missed payments, Bank of America, N.A. deemed the subject debt in default and initiated foreclosure proceedings against the subject property.

16. In response to defaulting on the subject debt, Nicole filed for bankruptcy protection on December 20, 2012.

17. Nicole caused to be filed a Chapter 13 petition in the United States Bankruptcy Court, Northern District of Illinois, under case number 12-49720, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

18. On her bankruptcy schedule D, Nicole listed Bank of America, N.A. as a secured creditor. *See* attached Exhibit A is a true and accurate copy of Schedule D filed with Nicole's bankruptcy petition.

19. By virtue of Nicole listing Bank of America, N.A. as a creditor, the Bankruptcy Noticing Center ("BNC") sent it a notice of the bankruptcy filing. *See* attached Exhibit B is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Bank of America, N.A.

20. On January 1, 2013, Nicole caused to be filed a bankruptcy plan which specifically stated under Section G, "1. Debtor is surrendering the real property located at 398 Valley View Road, Unit C404, Lake Barrington, Illinois to Bank of America, N.A. in full satisfaction of its claim." *See* attached Exhibit C is a true and correct copy of Nicole's bankruptcy plan.

21. On March 22, 2013, Bank of America, N.A., through it's representatives Shapiro[1], caused to be filed a *fully secured* (emphasis added) proof of claim in the amount of $269,124.22 for the subject debt. *See* attached Exhibit D is a true and correct copy of the proof of claim filed by Shapiro on behalf of Bank of America, N.A.

22. At no point during the bankruptcy did Bank of America, N.A. or any of it's agents or representatives file an objection to Nicole's bankruptcy plan.

23. On May 17, 2013, the Honorable Judge A. Benjamin Goldgar signed an order confirming Nicole's bankruptcy plan. *See* attached Exhibit E is a true and correct copy of the signed order.

24. On June 5, 2013, while Nicole was in default to Bank of America, N.A. on the subject debt and under the protection of the bankruptcy, Nationstar obtained servicing rights on the subject debt. *See* Attached Exhibit F is a true and correct copy of the transfer of claim filed by Nationstar.

25. On October 2, 2013, Nicole was granted a discharge of the subject debt under 11 U.S.C. §1328 extinguishing Nicole's personal liability on the subject debt.. *See* attached Exhibit G is a true and correct copy of the order of discharge.

---

[1] Defendant Shapiro Kreisman & Associates, LLC was known as Fisher and Shapiro, LLC at the time they filed the proof of claim in Nicole's case. Not only did they represent Bank of America, N.A. during Nicole's bankruptcy, but they would also later represent co-Defendant Nationstar in obtaining a in personam deficiency judgment.

26. On October 4, 2013, the BNC sent notice to Nationstar of Nicole's bankruptcy discharge to an address filed with the court where Nationstar specifically designates to receive notices. *See* attached Exhibit H is a true and correct copy of the notice of discharge sent by the BNC.

27. Following the discharge of Nicole's bankruptcy, Nationstar continued to pursue the subject property by means of a foreclosure lawsuit filed in the Circuit Court of Lake County, Illinois under case number 11 CH 003187.

28. Nationstar was represented by Shapiro throughout the foreclosure process.

29. On August 21, 2014, with actual knowledge of Nicole's bankruptcy discharge, Nationstar and Shapiro caused to be entered an order of *in personam deficiency* (emphasis added) against Nicole. *See* attached Exhibit I is a true and correct copy of the order for in personam deficiency judgment against Nicole.

30. The order states, "IT IS FURTHER ordered that a Judgment In Personam shall be entered in favor of the Plaintiff for the amount of $67,439.91 against the following named persons, Nicole M. Ivey and a memorandum of Judgment shall issue without the right of homestead." *See* Exhibit I.

31. Nicole was notified of the in personam deficiency judgment through denials of credit opportunities.

32. Concerned about the violations of her rights and protections afforded by virtue of her Chapter 13 discharge, Nicole sought the assistance of counsel to ensure that Defendant's actions were addressed.

33. Nicole has expended a great deal of time and incurred costs consulting with her attorneys as a result of Defendant's illegal collection actions.

34. Nicole was unduly inconvenienced and harassed by the Defendant's unlawful attempts to collect on the discharged subject debt.

35. Nicole has suffered from emotional distress, anxiety and mental anguish by the Defendant's unlawful attempts to collect the discharged subject debt as she was led to believe her bankruptcy had no legal effect.

36. Nicole was further damaged as an invalid judgment was entered against her.

### COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AGAINST BOTH DEFENDANTS)

37. Nicole repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendants violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts.

39. Defendants violated 15 U.S.C. §1692e(2) when they misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed or collectable at the time the Defendant's caused an in personam judgment to be entered. Defendants lost the ability to seek a personal deficiency from Nicole when her Chapter 13 bankruptcy plan was confirmed and subsequently discharged.

40. Similarly, Defendant's violated 15 U.S.C. §1692e(10) when they falsely asserted that the subject debt was owed at the time they caused to be entered a personal deficiency judgment. The subject debt was not owed by virtue of Nicole's bankruptcy discharge and both Defendants had actual knowledge of the bankruptcy. However, despite actual knowledge that the subject debt was not owed, the Defendant's represented the contrary to the Circuit Court of Lake County.

41. Defendants violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Nicole's obligation to the Defendants was discharged in her

bankruptcy. The Defendants unfairly and unlawfully used the Circuit Court of Lake County to enter an in personam judgment that the Court had no legal right to enter or enforce.

42. It was inherently unfair and deceptive for Defendants, armed with actual knowledge of an uncollectable debt, to seek entry of a judgment which allows the debt to be collected upon.

43. Nicole, as an unsophisticated consumer, was falsely induced into believing she owed on the subject debt when she viewed a court order to that effect filed at the behest of the Defendants.

44. Given that the subject debt was duly scheduled in Nicole's bankruptcy and subsequently discharged, Defendants had no legal right to attempt to collect the subject debt.

45. Furthermore, Defendants violated 15 U.S.C. §1692(f)(1) by causing to be entered a judgment not permitted by law as Nicole's obligation to pay the subject debt was extinguished by her bankruptcy discharge.

46. Both Defendants had actual knowledge of Nicole's bankruptcy filing and subsequent discharge.

47. Despite actual knowledge, the Defendants ignored Nicole's bankruptcy discharge and willfully and maliciously sought a personal judgment against her.

48. As pled in paragraphs 32 to 36, Nicole has suffered damages as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff, NICOLE M. IVEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

…

    c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

    e. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (AGAISNT NATIONSTAR)

49. Nicole restates and realleges paragraphs 1 through 36 as though fully set forth herein.

50. Defendant Nationstar violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Nicole.

51. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

52. Nicole is a consumer as defined by ICFA, 815 ILCS 505/1(e).

53. Nationstar's attempt to collect on the subject debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

54. Nationstar's request for an in personam deficiency judgment against Nicole on debt that was discharged in bankruptcy represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demand for judgment was made.

8

55. Nationstar had actual knowledge of Nicole's bankruptcy as evidenced by their active participation in the bankruptcy case.

56. Additionally, Nationstar was specifically noticed of Nicole's discharge by the BNC. They had actual knowledge that their right to enter an in personam judgment was extinguished.

57. It is inherently deceptive, unfair and oppressive for Nationstar to seek entry of an order which would induce Nicole into paying a debt that she does not owe and is legally unenforceable.

58. Nationstar had actual knowledge of Nicole's bankruptcy discharge when it had the judgment entered.

59. Nationstar intended that Nicole rely on its misrepresentations to the court in its efforts to induce the her into paying a debt that she no longer owed on a debt that could not be legally enforced.

60. ICFA was designed to protect consumers, such as the Nicole, from the exact behavior committed by Nationstar.

61. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

62. As pled in paragraphs 32 to 36, Nicole has suffered damages as a result of Nationstar's unlawful collection practices.

63. As such, Nicole is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, NICOLE M. IVEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding the Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiff costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 28, 2015	Respectfully Submitted,

/s/ Nathan C. Volheim
Nathan C. Volheim, Esq. ARDC#6302103
Mohammed O. Badwan, Esq. ARDC#6299011
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188